# EXHIBIT A

No. _21A02131_____

**STATE COURT OF DEKALB COUNTY**
**GEORGIA, DEKALB COUNTY**

**Date Summons Issued and E-Filed**

_4/30/2021_____

**SUMMONS**

_/s/ Monica Gay_____
Deputy Clerk

Deposit Paid $ _____

Kimberly Pinkston c/o Witherite Law Group, LLC
600 West Peachtree Street, NW
Suite 740, Atlanta, GA 30308
Plaintiff's name and address

**vs.**

☑ JURY

Andrew Collins
2378 E. County Road 200 North
Centerpoint, IN 47846
Defendant's name and address

**TO THE ABOVE-NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:
J. Martin Futrell
Name
600 West Peachtree Street, NW, Suite 740, Atlanta, GA 30308
Address
(470) 881-8806                                        450872
Phone Number                                        Georgia Bar No.

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. The answer or other responsive pleading can be filed via electronic filing through eFileGA via www.eFileGA.com or, if desired, at the e-filing public access terminal in the Clerk's Office at 556 N. McDonough Street, Decatur, Georgia 30030

_____
Defendant's Attorney

_____
Third Party Attorney

_____
Address

_____
Address

_____
Phone No.          Georgia Bar No.

_____
Phone No.          Georgia Bar No.

**TYPE OF SUIT**

☑ Personal Injury ☐ Products Liability
☐ Contract ☐ Medical Malpractice
☐ Legal Malpractice ☐ Product Liability
☐ Other

Principal $ _____

Interest $ _____

Atty Fees $ _____

**Access to the e-filing site and the rules is available at www.dekalbstatecourt.net**
**To indicate consent to e-service check the box below.**
☑ **(Plaintiff consents to e-service pursuant to OCGA 9-11-5 (f). The email address for service appears in the complaint.**

E-file summons1-2016

No. _____21A02131_____

**Date Summons Issued and E-Filed**

_____4/30/2021_____

_____/s/ Monica Gay_____

Deputy Clerk

Deposit Paid $ _____

**STATE COURT OF DEKALB COUNTY**
**GEORGIA, DEKALB COUNTY**

**SUMMONS**

Kimberly Pinkston c/o Witherite Law Group, LLC
600 West Peachtree Street, NW
Suite 740, Atlanta, GA 30308
Plaintiff's name and address

**vs.**

☑ **JURY**

Swift Transportation Co. of Arizona, LLC c/o Registered
Agent National Resident Agent Service, Inc. c/o
Rogers & Cates PC/David Lee Cates
2300 Henderson Mill Road
Suite 330, Atlanta, GA 30345
Defendant's name and address

**TO THE ABOVE-NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:

J. Martin Futrell
Name
600 West Peachtree Street, NW, Suite 740, Atlanta, GA 30308
Address
(470) 881-8806                                        450872
Phone Number                                        Georgia Bar No.

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. The answer or other responsive pleading can be filed via electronic filing through eFileGA or www.eFileGA.com or, if desired, at the e-filing public access terminal in the Clerk's Office at 556 N. McDonough Street, Decatur, Georgia 30030

_____          _____
Defendant's Attorney                                Third Party Attorney

_____          _____
Address                                            Address

_____          _____
Phone No.            Georgia Bar No.          Phone No.            Georgia Bar No.

**TYPE OF SUIT**

☑ Personal Injury ☐ Products Liability          Principal $ _____
☐ Contract ☐ Medical Malpractice
☐ Legal Malpractice ☐ Product Liability          Interest $ _____
☐ Other

Atty Fees $ _____

**Access to the e-filing site and the rules is available at www.dekalbstatecourt.net**
**To indicate consent to e-service check the box below.**
☑ **(Plaintiff consents to e-service pursuant to OCGA 9-11-5 (f). The email address for service appears in the complaint.**

E-file summons1-2016

## AFFIDAVIT OF SERVICE

| Case: | Court: | | County: | Job: |
|---|---|---|---|---|
| 21A02131 | Dekalb County State Court, State of Georgia | | DeKalb, GA | 5633125 |
| **Plaintiff / Petitioner:** | | | **Defendant / Respondent:** | |
| Kimberly Pinkston | | | Swift Transportation Co. Of Arizona, LLC, And Andrew Collins | |
| **Received by:** | | | **For:** | |
| Chilton Gibbs and Associates, LLC | | | Withente Law Group, LLC | |
| **To be served upon:** | | | | |
| Andrew Collins | | | | |

I, Paul Hutchinson, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**   Mary Collins , 2378 E. Country Road 200 North , Centerpoint, IN 47846

**Manner of Service:**   Substitute Service - Abode, May 7, 2021, 2:49 pm EDT

**Documents:**   Summons, Complaint For Damages, Plaintiff's First Interrogatories, First Request For Production Of Documents. And First Request For Admissions To Defendant Andrew Collins, (Received Apr 30, 2021 at 5:09pm EDT)

**Additional Comments:**
1) Successful Attempt: May 7, 2021, 2:49 pm EDT at 2378 E. Country Road 200 North , Centerpoint, IN 47846 received by Mary Collins . Ethnicity: Caucasian; Gender: Female; Weight: 160; Height: 5'2"; Hair: Gray; Eyes: Black; Relationship: Mother;
The defendant's mother stated that the defendant was not home. She confirmed that both she and the defendant lived at this address and accepted service on behalf of the defendant.

| | |
|---|---|
| Paul Hutchinson   5/18/21 | Subscribed and sworn to before me by the affiant who is personally known to me. |
| Paul Hutchinson          Date | |
| | Notary Public |
| Chilton Gibbs and Associates, LLC | 5/18/21              4/14/27 |
| 723 Main Street | Date          Commission Expires |
| Stone Mountain, GA 30083 | |

DANIEL EBERLE
Notary Public, State of Indiana
Marion County
Commission Number 0642576
My Commission Expires
April 14, 2027

:6739

## AFFIDAVIT OF SERVICE

| Case:<br>21A02131 | Court:<br>Dekalb County State Court, State of Georgia | County:<br>DeKalb, GA | Job:<br>5633125 |
|---|---|---|---|
| Plaintiff / Petitioner:<br>Kimberly Pinkston | | Defendant / Respondent:<br>Swift Transportation Co. Of Arizona, LLC, And Andrew Collins | |
| Received by:<br>Chilton Gibbs and Associates, LLC | | For:<br>Witherite Law Group, LLC | |
| To be served upon:<br>Swift Transportation Co. Of Arizona LLC c/o National Resident Agent Service, Inc, Registered Agent c/o Rogers & Cates PC/David Lee Cates | | | |

I, Thomas David Gibbs III, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

| | |
|---|---|
| Recipient Name / Address: | David Lee Cates, registered agent : 2300 Henderson Mill Road Suite 330, Atlanta , GA 30345 |
| Manner of Service: | Registered Agent, May 5, 2021, 11:43 am EDT |
| Documents: | Summons, Complaint For Damages, Plaintiff's First Interrogatories, First Request For Production Of Documents, And First Request For Admissions To Defendant Swift Transportation Co. Of Arizona, Llc (Received Apr 30, 2021 at 5:09pm EDT) |

**Additional Comments:**
1) Successful Attempt: May 5, 2021, 11:43 am EDT at 2300 Henderson Mill Road Suite 330, Atlanta , GA 30345 received by David Lee Cates, registered agent.

Subscribed and sworn to before me by the affiant who is
personally known to me

_____     5/9/21
Thomas David Gibbs III          Date

Chilton Gibbs and Associates, LLC
723 Main Street
Stone Mountain, GA 30083

_____
Notary Public
5/9/21
Date

12/27/2024
Commission Expires

AMMY MERAZ
NOTARY PUBLIC
DEKALB COUNTY, GEORGIA

IN THE STATE COURT OF DEKALB COUNTY

STATE OF GEORGIA

RE:   Permanent Process Servers

**STANDING ORDER**

Pursuant to O.C.G.A. § 9-11-4 (c), this Court provides herein that any person who has completed the application process for appointment as a permanent process server in the Superior Court of DeKalb County for 2021, and has been appointed as a permanent process server in said Court for 2021, shall be deemed to be appointed as a permanent process server in the State Court of DeKalb County.  Permanent process servers wishing to rely upon this order shall be required to attach a copy of their Superior Court order of appointment to any affidavit of service that is required to be filed with the Court.  All appointments arising pursuant to this order shall be effective until midnight, December 31, 2021.

SO ORDERED, this ___8___ of December 2020.


Wayne M. Purdom, Chief Judge
State Court of DeKalb County


FILED IN THIS OFFICE
THIS 8th DAY OF December 20 20

Clerk, State Court, DeKalb County

FILED 12/31/2020 8:27 PM Clerk of Superior Court DeKalb County

IN THE SUPERIOR COURT OF DEKALB COUNTY
STATE OF GEORGIA

IN RE:

MOTION FOR APPOINTMENT AS                    :     CIVIL ACTION FILE NUMBER:
PERMANENT PROCESS SERVER                      :
                                              :     20MPR 1293
                                              :
                                              :

PURSUANT TO O.C.G.A. §9-11-4(c)

## AMENDED ORDER APPOINTING PERMANENT PROCESS SERVER
## FOR CALENDAR YEAR 2021

    The foregoing motion having been read and considered, it is HEREBY ORDERED that the following individual(s) is/are appointed as a permanent process server pursuant to O.C.G.A. §9-11-4(c):

**THOMAS D GIBBS III**

**ERICKA D MCMILLON**

**ROCHELLE EARTHRISE**

**FRANK A LOADHOLT III**

This appointment shall be effective until midnight December 31, 2021.


**IT IS SO ORDERED** this 17th of December 2020.


Honorable Asha F. Jackson
Chief and Administrative Judge
Superior Court of DeKalb County
Stone Mountain Judicial Circuit

**General Civil and Domestic Relations Case Filing Information Form**

☐ Superior or ☑ State Court of **DeKalb** _____ County

| For Clerk Use Only | | |
|---|---|---|
| Date Filed **4/30/2021** | Case Number | **21A02131** |
| **MM-DD-YYYY** | | |

**Plaintiff(s)**

**Pinkston, Kimberly**

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**

**Swift Transportation Co. of Arizona, LLC**

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Collins, Andrew**

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Plaintiff's Attorney** J. Martin Futrell    **Bar Number** 450872    **Self-Represented** ☐

**Check One Case Type in One Box**

**General Civil Cases**
- ☑ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____    _____
**Case Number**                    **Case Number**

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
**Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____

_____

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

KIMBERLY PINKSTON,

      Plaintiff,

v.

SWIFT TRANSPORTATION CO. OF
ARIZONA, LLC, and
ANDREW COLLINS,

      Defendants.

CIVIL ACTION
FILE NO. _____ 21A02131

**JURY TRIAL DEMANDED**

_____

### COMPLAINT FOR DAMAGES

COMES NOW KIMBERLY PINKSTON, ("Plaintiff"), by and through her counsel of record, and files this her Complaint for Damages, showing this Honorable Court as follows:

1.

This is an action for personal injury damages arising out of a motor vehicle collision that occurred on December 29, 2019, in DeKalb County, Georgia.

### PARTIES, JURISDICTION, AND VENUE

2.

Plaintiff sustained personal injuries as a result of a motor vehicle collision that occurred at approximately 5:02 am on December 29, 2019, in DeKalb County, Georgia.

3.

Plaintiff is a resident of Newton County, Georgia.

4.

Defendant Andrew Collins ("Collins") resides at 2378 E. County Road 200 North, Centerpoint, Clay County, Indiana, 47846 and pursuant to O.C.G.A. § 9-10-94 may be served with a copy of the summons and complaint at this address.

**COMPLAINT FOR DAMAGES – Page 1**

Copy from re:SearchGA

5.

Collins is subject to the jurisdiction of this Court pursuant to O.C.G.A. § 40-12-1, known as Georgia's Non-resident Motorist Act. Collins is also subject to the jurisdiction of this Court pursuant to O.C.G.A. § 9-10-91, as Collins committed a tortious act and/or omission within the State of Georgia.

6.

Once served with process, Collins is subject to the jurisdiction and venue of this Court.

7.

Collins was properly served with process in this civil action.

8.

Collins was sufficiently served with process in this civil action.

9.

Collins is subject to the jurisdiction of this Court.

10.

Defendant Swift Transportation Co. of Arizona, LLC ("Swift") is a foreign corporation with its principal place of business in a state other than Georgia and is a federal motor carrier authorized to transport goods for hire in interstate commerce by the Federal Motor Carrier Safety Administration. Swift has a U.S. Department of Transportation Number 54283.

11.

Swift may be served with process by delivering a copy of the Summons and Complaint to its process agent designated to accept service of process in the State of Georgia under the Federal Motor Carrier Safety Regulations: National Resident Agent Service, Inc. c/o Rogers & Cates PC/David Lee Cates at 2300 Henderson Mill Road, Suite 330, Atlanta, DeKalb County, Georgia 30345.

**COMPLAINT FOR DAMAGES – Page 2**

Copy from re:SearchGA

12.

Swift may also be served with process pursuant to O.C.G.A. § 9-11-4(e) by delivering a copy of the Summons and Complaint to its registered agent, Corporate Creations Network, Inc. at 2985 Gordy Parkway, 1st Floor, Marietta, Cobb County, Georgia 30006. Once served with process, Swift is subject to the jurisdiction and venue of this Court.

13.

Swift was properly served with process in this civil action.

14.

Swift was sufficiently served with process in this civil action.

15.

Swift is subject to the jurisdiction of this Court.

16.

Venue in the above-styled civil action is proper in this County and Court pursuant to O.C.G.A. § 40-117(b), as Swift is a motor carrier and the Subject Incident giving rise to this action occurred in DeKalb County.

<u>FACTS</u>

17.

Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

18.

On or about December 29, 2019, at approximately 5:02 am, Collins was operating a white 2018 Freightliner tractor-trailer and traveling on the I-85 North entry ramp from I-285 West in DeKalb County, Georgia.

19.

On or about December 29, 2019, at approximately 5:02 am, Plaintiff was operating a silver 2014 Nissan Sentra and traveling on the I-85 North entry ramp from I-285 West, directly to the left of the Swift tractor-trailer operated by Collins.

**COMPLAINT FOR DAMAGES – Page 3**

Copy from re:SearchGA

20.

On or about December 29, 2019, at approximately 5:02 am, Collins' began to merge the tractor trailer into Plaintiff's lane of travel.

21.

Suddenly and without warning to Plaintiff, Collins crossed into Plaintiff's lane of travel.

22.

Plaintiff attempted to avoid colliding with the driver's side of the Swift tractor-trailer but was unable to do so.

23.

Collins slammed the Swift tractor-trailer into the passenger side of Plaintiff's vehicle, causing her to suffer injuries.

24.

At all times related to the subject collision, Plaintiff was acting in a reasonable and prudent manner.

25.

Defendants do not blame Plaintiff for causing or contributing to the cause of the subject collision.

26.

Defendants are 100% at fault for causing the subject collision.

27.

No act or failure to act on the part of the Plaintiff caused or contributed to the cause of the subject collision.

28.

No act or failure to act on the part of any third party caused or contributed to the cause of the subject collision.

**COMPLAINT FOR DAMAGES – Page 4**

Copy from re:SearchGA

29.

No act or failure to act on the part of the Plaintiff caused or contributed to the cause of Plaintiff's claimed injuries.

30.

No act or failure to act on the part of any third party caused or contributed to the cause of Plaintiff's claimed injuries.

31.

Defendants agree that they should fairly compensate Plaintiff for all injuries and damages that were caused by the subject collision.

32.

As a result of the collision, Plaintiff suffered serious and permanent injuries and damages.

## COUNT I: NEGLIGENCE OF SWIFT TRANSPORTATION CO. OF ARIZONA, LLC

33.

Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

34.

At all times material hereto, Collins was an employee of Swift.

35.

At all times material hereto, Collins was acting within the scope and course of his employment with Swift.

36.

At all times material hereto, Collins driving under dispatch by Swift and was a statutory employee of Swift under the Federal Motor Carrier Safety Regulations.

37.

At all times material hereto, Collins was acting within the scope and course of his statutory employment and dispatch by Swift.

**COMPLAINT FOR DAMAGES – Page 5**

Copy from re:SearchGA

38.

At all times material hereto, Collins was authorized by Swift to operate the tractor-trailer that was involved in the collision described in this Complaint.

39.

Swift is liable for the negligent actions and omissions of Collins pursuant to the doctrine of respondeat superior.

40.

Swift was the owner of the vehicle operated by Collins and is therefore liable for damages caused in this case.

41.

Swift was also itself negligent in the following ways:

a.    Negligently hiring or contracting with Defendant Andrew Collins to drive the vehicle at issue;

b.    Negligently training Defendant Andrew Collins;

c.    Negligently entrusting Defendant Andrew Collins to drive the vehicle professionally;

d.    Negligently retaining Defendant Andrew Collins to drive the vehicle at issue;

e.    Negligently qualifying Defendant Andrew Collins;

f.    Failing to supervise Defendant Andrew Collins; and

g.    Otherwise failing to act as a reasonably prudent company under the circumstances.

42.

As a direct and proximate result of the negligence of Defendants Andrew Collins and Swift Transportation Co. of Arizona, LLC in the ensuing collision, Plaintiff sustained severe and permanent injuries.

**COMPLAINT FOR DAMAGES – Page 6**

Copy from re:SearchGA

43.

Swift is liable for all damages allowed by law for the injuries, damages, and losses sustained by Plaintiffs.

## COUNT II: NEGLIGENCE OF DEFENDANT ANDREW COLLINS

44.

Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

45.

At all relevant times, Collins owed the following civil duties to Plaintiff but violated those duties in the following ways:

a. Failing to maintain proper control of his vehicle;

b. Failing to activate his turn signal;

c. Failure to maintain his lane of travel;

d. Failing to keep a proper lookout for traffic;

e. Failing to make reasonable and proper observations while driving;

f. Failing to timely apply the brakes of his vehicle in order to avoid the collision in question;

g. Failing to keep an assured safe distance from Plaintiff's vehicle;

h. Failing to drive at a reasonable and prudent speed under the conditions;

i. Failing to obey traffic laws;

j. Operating a cellular mobile device while driving; and

k. Otherwise failing to act reasonably and prudently as a driver should under the circumstances.

46.

Collins was also negligent *per se* in that he violated a number of laws and regulations governing his operation of a vehicle, including:

a. Entering or Crossing Roadway (O.C.G.A. § 40-6-73);

**COMPLAINT FOR DAMAGES – Page 7**

Copy from re:SearchGA

b.      Turning Movements; Signals Required on Turning, Changing Lanes, Slowing, or

Stopping (O.C.G.A. §40-6-123);

c.      Driving on Roadways Laned for Traffic (O.C.G.A. § 40-6-48);

d.      Failing to Drive with Due Care (O.C.G.A. § 40-6-241);

e.      Failure to Drive Vehicle at a Reasonable and Prudent Speed Under the Conditions

(O.C.G.A. § 40-6-180);

f.      Failing to Obey Traffic Laws (O.C.G.A. § 40-6-1); and

g.      Reckless Driving (O.C.G.A. § 40-6-390).

47.

As a result of Collins's negligence, Plaintiff suffered severe and permanent injuries.

48.

As a direct and proximate result of the negligence and negligence per se of Collins, Plaintiff

has incurred and is entitled to recover special damages, including, but not limited to, past and

future medical expenses and past and future lost income, and other miscellaneous expenses, in an

amount that will be proved at trial. Plaintiff is also entitled to recover for her general damages,

including past and future pain and suffering and related damages.

### COUNT III: COMBINED AND CONCURRING NEGLIGENCE

49.

Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

50.

Defendants Collins and Swift acted in a manner which either alone, and/or combined

and concurring with the actions of the each other's acts of negligence described herein, directly

and proximately caused the collision and Plaintiff's injuries.

**COMPLAINT FOR DAMAGES – Page 8**

Copy from re:SearchGA

51.

As a direct and proximate result of the negligence of the Defendants Collins and Swift, Plaintiff was physically injured, has suffered, and will continue to suffer pain, disability, loss of earning capacity, loss of enjoyment of life, anxiety, and related damages.

52.

As a direct and proximate result of the breaches of duty by Defendants Collins and Swift, Plaintiff is entitled to recover fair and full compensation for all injuries and damages that have been suffered as a proximate result of the collision and that will be suffered in the future as a result of the collision, including, without limitation, all special damages and compensatory damages, medical expenses, lost wages, and other necessary expenses, as well as fair and full compensation for all pain and suffering, including physical pain, mental and emotional suffering, shock of impact, disability, worry, anxiety, loss of enjoyment of life, loss of capacity to work, and other categories of damages provided for under the law.

**WHEREFORE**, Plaintiff prays that the following relief be granted:

a.     A trial by jury;

b.     For Summons and Complaint to issue against each Defendant;

c.     For judgment against each Defendant to compensate Plaintiff for her past and future injuries and damages;

d.     Court costs, discretionary costs, and prejudgment interest; and

e.     For all such further and general relief which this Court deems just and proper.

Dated this 30th day of April, 2021.

WITHERITE LAW GROUP, LLC

*/s/ J. Martin Futrell*
J. MARTIN FUTRELL

**COMPLAINT FOR DAMAGES – Page 9**

Copy from re:SearchGA

GEORGIA STATE BAR NUMBER 450872
ATTORNEY FOR PLAINTIFF

600 WEST PEACHTREE STREET, NW, SUITE 740
ATLANTA, GA 30308
TELEPHONE:   470-881-8806
FACSIMILE:   470-880-5095
E-MAIL:        MARTIN.FUTRELL@WITHERITELAW.COM

STATE COURT OF
DEKALB COUNTY, GA.
4/30/2021 11:20 AM
E-FILED
BY: Monica Gay

**COMPLAINT FOR DAMAGES – Page 10**

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

KIMBERLY PINKSTON,

      Plaintiff,

v.

SWIFT TRANSPORTATION CO. OF
ARIZONA, LLC, and ANDREW COLLINS,

      Defendants.

CIVIL ACTION
FILE NO.:  21A02131

## ANSWER OF DEFENDANTS.

COME NOW Defendants SWIFT TRANSPORTATION CO. OF ARIZONA, LLC and ANDREW COLLINS, by and through their undersigned attorney, and for answer to Plaintiff's Complaint show the Court as follows:

## FIRST DEFENSE

Defendants show that service of process is insufficient as to these Defendants; therefore, Plaintiff's complaint against these Defendants should be dismissed.

## SECOND DEFENSE

Without waiving the above defense, the Defendants respond to the numbered paragraphs of Plaintiff's Complaint as follows:

1.

For answer to Paragraph 1 of Plaintiff's Complaint, Defendants admit that the accident in question occurred on December 29, 2019 in Dekalb County, Georgia involving the Plaintiff and a tractor trailer driven by Defendant Collins, but the remaining allegations of Paragraph 1 of Plaintiff's Complaint are denied.

2.

The allegations of Paragraph 2 of Plaintiff's Complaint are denied.

3.

The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 of Plaintiff's Complaint, but demand strict proof thereof.

4.

The allegations of Paragraph 4 of Plaintiff's Complaint are admitted.

5.

For answer to Paragraph 5 of Plaintiff's Complaint, Defendants admit that Defendant Collins will be subject to the jurisdiction of this Court as soon as he is properly served with a copy of the Summons and Complaint in this case, but the remaining allegations of Paragraph 5 of Plaintiff's Complaint are denied.

6.

The allegations of Paragraph 6 of Plaintiff's Complaint are admitted.

7.

The allegations of Paragraph 7 of Plaintiff's Complaint are denied.

8.

The allegations of Paragraph 8 of Plaintiff's Complaint are denied.

9.

The allegations of Paragraph 9 of Plaintiff's Complaint are denied.

10.

The allegations of Paragraph 10 of Plaintiff's Complaint are admitted.

11.

The allegations of Paragraph 11 of Plaintiff's Complaint are denied.

12.

The allegations of Paragraph 12 of Plaintiff's Complaint are admitted.

13.

The allegations of Paragraph 13 of Plaintiff's Complaint are denied.

14.

The allegations of Paragraph 14 of Plaintiff's Complaint are denied.

15.

The allegations of Paragraph 15 of Plaintiff's Complaint are denied.

16.

The allegations of Paragraph 16 of Plaintiff's Complaint are admitted.

17.

Defendants reassert, reallege and incorporate herein by reference their responses to Paragraphs 1 through 16 as if fully set forth herein.

18.

The allegations of Paragraph 18 of Plaintiff's Complaint are admitted.

19.

The allegations of Paragraph 19 of Plaintiff's Complaint are admitted.

20.

The allegations of Paragraph 20 of Plaintiff's Complaint are denied.

21.

The allegations of Paragraph 21 of Plaintiff's Complaint are denied.

22.

The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 of Plaintiff's Complaint, but demand strict proof thereof.

23.

The allegations of Paragraph 23 of Plaintiff's Complaint are denied.

24.

The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 of Plaintiff's Complaint, but demand strict proof thereof.

25.

The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25 of Plaintiff's Complaint, but demand strict proof thereof.

26.

The allegations of Paragraph 26 of Plaintiff's Complaint are denied.

27.

The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 of Plaintiff's Complaint, but demand strict proof thereof.

28.

The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28 of Plaintiff's Complaint, but demand strict proof thereof.

29.

The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29 of Plaintiff's Complaint, but demand strict proof thereof.

30.

The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30 of Plaintiff's Complaint, but demand strict proof thereof.

31.

For answer to Paragraph 31 of Plaintiff's Complaint, Defendants state that a jury will determine the amount of compensation, if any, for Plaintiff in this lawsuit.   The remaining allegations of Paragraph 31 of Plaintiff's Complaint are denied.

32.

The allegations of Paragraph 32 of Plaintiff's Complaint are denied.

33.

Defendants reassert, reallege and incorporate herein by reference their responses to Paragraphs 1 through 32 as if fully set forth herein.

34.

The allegations of Paragraph 34 of Plaintiff's Complaint are admitted.

35.

The allegations of Paragraph 35 of Plaintiff's Complaint are admitted.

36.

The allegations of Paragraph 36 of Plaintiff's Complaint are admitted.

37.

The allegations of Paragraph 37 of Plaintiff's Complaint are admitted.

38.

The allegations of Paragraph 38 of Plaintiff's Complaint are admitted.

39.

For answer to Paragraph 39 of Plaintiff's Complaint, Defendants admit that should Defendant Collins be found negligent in this case, then Defendant Swift would also be negligent since Defendant Collins was acting in the furtherance of business of Defendant Swift at the time of the accident.  The remaining allegations of Paragraph 39 of Plaintiff's Complaint are denied.

40.

The allegations of Paragraph 40 of Plaintiff's Complaint are denied.

41.

The allegations of Paragraph 41 of Plaintiff's Complaint are denied.

M0723804.1 14808

42.

The allegations of Paragraph 42 of Plaintiff's Complaint are denied.

43.

The allegations of Paragraph 43 of Plaintiff's Complaint are denied.

44.

Defendants reassert, reallege and incorporate herein by reference their responses to Paragraphs 1 through 43 as if fully set forth herein.

45.

For answer to Paragraph 45 of Plaintiff's Complaint, Defendants admit that Defendant Collins owed a duty to comply with all applicable laws, just as the Plaintiff had the same duties, but the remaining allegations of Paragraph 45 of the Plaintiff's Complaint are denied.

46.

The allegations of Paragraph 46 of Plaintiff's Complaint are denied.

47.

The allegations of Paragraph 47 of Plaintiff's Complaint are denied.

48.

The allegations of Paragraph 48 of Plaintiff's Complaint are denied.

49.

Defendants reassert, reallege and incorporate herein by reference their responses to Paragraphs 1 through 48 as if fully set forth herein.

50.

The allegations of Paragraph 50 of Plaintiff's Complaint are denied.

51.

The allegations of Paragraph 51 of Plaintiff's Complaint are denied.

52.

The allegations of Paragraph 52 of Plaintiff's Complaint are denied.

## **THIRD DEFENSE**

Any allegation in Plaintiff's Complaint not specifically responded to above is hereby denied.

WHEREFORE, having fully answered all allegations of Plaintiff's Complaint, Defendants pray that they be dismissed and that all costs be cast against the Plaintiff.

This 28th day of May, 2021.

MCMICKLE, KUREY & BRANCH, LLP

BY _____*/s/ Raymond J. Kurey*_____
        RAYMOND J. KUREY
        Georgia Bar No. 430472
        *Attorney for Defendants*

200 S. Main Street
Alpharetta, GA 30009
Telephone:    (678) 824-7800
Facsimile:    (678) 824-7801

STATE COURT OF
DEKALB COUNTY, GA.
5/28/2021 1:59 PM
E-FILED
BY: Michelle Cheek

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

KIMBERLY PINKSTON,

      Plaintiff,

v.

SWIFT TRANSPORTATION CO. OF
ARIZONA, LLC, and ANDREW COLLINS,

      Defendants.

CIVIL ACTION
FILE NO.:  21A02131

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing **ANSWER OF DEFENDANTS** with the Clerk of Court using electronic efiling which will automatically send email notification of such filing to the following attorneys of record:

J. Martin Futrell
Witherite Law Group, LLC
600 W. Peachtree Street, NW
Suite 740
Atlanta, GA 30308
*Attorney for Plaintiff*

This 28th day of May, 2021.

                                      */s/ Raymond J. Kurey*
                                        RAYMOND J. KUREY
                                        For the Firm

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

KIMBERLY PINKSTON,

      Plaintiff,

v.

SWIFT TRANSPORTATION CO. OF
ARIZONA, LLC, and ANDREW COLLINS,

      Defendants.

CIVIL ACTION
FILE NO.:  21A02131

## DEFENDANTS SWIFT TRANSPORTATION CO. OF ARIZONA, LLC AND ANDREW COLLINS' JURY DEMAND

COME NOW, Defendants Swift Transportation Co. of Arizona, LLC and Andrew Collins (hereafter "Defendants"), by and through their undersigned attorney of record, and hereby demand a trial by jury of all issues.

Respectfully submitted, this 28th day of May, 2021.

MCMICKLE, KUREY & BRANCH, LLP

/s/ Raymond J. Kurey
RAYMOND J. KUREY
Georgia Bar No. 430472
For the Firm
Attorneys for Defendants

217 Roswell Street, Suite 200
Alpharetta, GA 30009
Telephone: (678) 824-7800
Facsimile: (678) 824-7801
Email: RJK@mkblawfirm.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically filed the foregoing **DEFENDANTS SWIFT TRANSPORTATION CO. OF ARIZONA, LLC'S AND ANDREW COLLINS' JURY DEMAND** with the Clerk of Court using electronic efiling which will automatically send email notification of such filing to the following attorneys of record:

J. Martin Futrell, Esq.
Witherite Law Group, LLC
600 W. Peachtree Street, NW
Suite 740
Atlanta, GA 30308

This 28th day of May, 2021.

*/s/ Raymond J. Kurey*
For the Firm
Attorney for Defendants

M0723885.1 14808

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

KIMBERLY PINKSTON,

      Plaintiff,

v.

SWIFT TRANSPORTATION CO. OF
ARIZONA, LLC, and
ANDREW COLLINS,

      Defendants.

CIVIL ACTION

FILE NO. 21A02131 _____

---

**PLAINTIFF'S FIRST INTERROGATORIES, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, AND FIRST REQUEST FOR ADMISSIONS TO DEFENDANT SWIFT TRANSPORTATION CO. OF ARIZONA, LLC**

COMES NOW, PLAINTIFF KIMBERLY PINKSTON ("Plaintiff"), by and through her counsel of record and pursuant to O.C.G.A. §§ 9-11-33, 9-11-34, and 9-11-36, hereby propounds the following Interrogatories, Request for Production of Documents, and Request for Admissions to Defendant Swift Transportation Co. of Arizona, LLC ("Swift") for response under oath pursuant to Rule 33, Rule 34, and Rule 36 of the Georgia Civil Practice Act and as required by law.

**DEFINITIONS**

As used herein, the terms listed below are defined as follows:

1. The term "**Document**" as used herein shall be given a very broad definition to include every type of paper, writing, data, record, graphic, drawing, photograph, audio recording and video recording. The term includes material in all forms, including printed, written, recorded, or other.  The term includes all files, records and data contained in any computer system, computer component and/or computer storage (e.g., hard drive, disc, magnetic tape, backup system, etc.). This term includes, but is not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts,

**PLAINTIFF'S FIRST INTERROGATORIES, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, AND FIRST REQUEST FOR ADMISSIONS TO DEFENDANT SWIFT TRANSPORTATION CO. OF ARIZONA, LLC – Page 1**

maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, e-mail attachments, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, hard drive recordings, pictures, and voice recordings. Plaintiff expressly intends for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2.   "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

3.   (a)      "**Identify**" with respect to any "**person**" or any reference to stating the "**identity**" of any "**person**" means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

(b)      "**Identify**" with respect to any "**document**" or any reference to stating the "**identification**" of any "**document**" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

4.   "**Similar**" shall have the meaning given in the American Heritage Dictionary, which is "showing some resemblance; related in appearance or nature; alike but not identical." As used here, the word "similar" shall not be limited as if modified by the word "substantially" and shall not mean "the same".  If you limit the information provided because you use another

**PLAINTIFF'S FIRST INTERROGATORIES, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, AND FIRST REQUEST FOR ADMISSIONS TO DEFENDANT SWIFT TRANSPORTATION CO. OF ARIZONA, LLC – Page 2**

interpretation of the word "similar," please state the interpretation you are using and reveal the nature of the information withheld.

5.     The terms "**and**" as well as "**or**" shall be each construed conjunctively and disjunctively as necessary to bring within the scope of each interrogatory and request for documents all information and documents that might otherwise be construed to be outside its scope.  The term "**and/or**" shall be construed likewise.

6.     Whenever necessary to bring within the scope of an interrogatory or request for production of documents any information or document that might otherwise be construed to be outside its scope:  (i) the use of a verb in any tense shall be construed as the use of the verb in all other tenses; (ii) the use of the singular shall be construed as the use of the plural and vice versa; and (iii) "**any**" includes "all," and "**all**" includes "any."

7.     With regard to any term used herein that is deemed by the responding party as being ambiguous or vague, a term shall be construed in its broadest sense to encompass all reasonable definitions of that term.

8.   "**Subject Collision**" means the collision described in the Complaint.

9.   "**You**", "**Your**", or "**Swift**" means Defendant SWIFT TRANSPORTATION CO. OF ARIZONA, LLC.

10. "**Collins**" means Defendant ANDREW COLLINS.

### INTERROGATORIES

1.

If you contend that Plaintiff has sued the wrong party or that your name is incorrectly stated in this lawsuit, please explain the basis for your contention and identify the correct legal entity for the correct party in interest to this suit.

2.

Identify each person Swift expects to call as an expert witness at trial including in your response a summary of each opinion the expert holds in regards to this case, the factual basis

**PLAINTIFF'S FIRST INTERROGATORIES, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, AND FIRST REQUEST FOR ADMISSIONS TO DEFENDANT SWIFT TRANSPORTATION CO. OF ARIZONA, LLC – Page 3**

for each such opinion, a list of all documents and evidence of any kind provided to the expert for review and a list of all documents and evidence of any kind that support each opinion.

### INSURANCE

3.

For each liability insurance policy that you had in place at the time of the Subject Collision, state the name of insurer; the policy number; the limits of coverage; the name(s) of all insureds; and whether any insurer has offered a defense under a reservation of rights or otherwise contested coverage for the subject case. Please note that this interrogatory is requesting information relating to ALL insurance coverage including excess coverage.

### VEHICLE INFO/DATA

4.

Please provide the weight of the tractor-trailer at the time of the Subject Collision.

5.

a. Identify all systems and devices in or on the tractor-trailer that have the capability of monitoring, capturing, recording and/or transmitting any video, data and/or communications of any kind (this includes, without limitation, any engine control module (ECM), event data recorder (EDR/CDR), airbag control module (ACM), Sensing Diagnostic Module (SDM), drive train or transmission control unit, brake control module, power steering unit, electronic onboard recorder (EOBR) Electronic Logging Device (ELD), Collision Avoidance System (CAS), Telematics system, Critical Event Reporting System, Lane Departure System, Dash Cam (or other video devices), GPS system, truck tracking system, system that allows communication between drivers and dispatchers, etc.);

b. With respect to each system identified, explain what video, data and/or communications the system is capable of monitoring, capturing, recording and/or transmitting;

**PLAINTIFF'S FIRST INTERROGATORIES, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, AND FIRST REQUEST FOR ADMISSIONS TO DEFENDANT SWIFT TRANSPORTATION CO. OF ARIZONA, LLC – Page 4**

c.  With respect to each system identified, explain what video, data and/or communications have been downloaded and/or preserved in connection with the Subject Collision and if so when and by whom; and

d.  With respect to each system identified, explain what video, data and/or communications have NOT been downloaded and/or preserved in connection with the Subject Collision and explain why not and whether it is still possible to obtain this material.

<u>**D**RIVER **I**NFORMATION</u>

6.

Explain the relationship between Swift and Defendant Driver Andrew Collins ("Collins") at the time of the Subject Collision including his employment status (e.g., leased driver, company driver, etc.), how he was compensated for driving (e.g., by the hour, by the load, by the mile, salary, or other) and when the relationship began and ended.

7.

If you maintain that Collins was not acting within the course and scope of his employment or agency at the time of the Subject Collision, explain the basis for your contention and identify documents and witnesses that support your contention.

8.

Identify and explain all communications of any kind between Collins and anyone acting for or on behalf of Swift during the twenty-four (24) hours <u>before</u> and <u>after</u> the Subject Collision. For each communication, identify the method of communication (cell phone, QualComm, other), time of communication, persons involved, and the general subject.

<u>**R**EGULATIONS AND **P**OLICIES</u>

9.

Identify all Swift policies, procedures, rules, guidelines, directives, manuals, handbooks, and instructions that were in effect for Collins at the time of the Subject Collision.

10.

Identify all Swift policies, procedures, rules, guidelines, directives, manuals, handbooks and instructions and training applicable to Collins regarding driving, defensive driving, turning, intersections, driver distraction and use of cell phones.

### INVESTIGATION OF SUBJECT COLLISION

11.

Describe in detail when and how you first became aware that Collins was involved in the Subject Collision including in your answer the identity of all persons involved in the investigation of the Subject Collision, their role and position and what information was conveyed.

12.

State whether you maintain that either Plaintiff(s) or any non-party has any responsibility of any kind for causing the injuries and/or the damages alleged in the Complaint and provide a detailed description of the basis for your position, including the identity of all person(s) who have any knowledge regarding this issue and/or all documents evidencing your position.

13.

Identify all persons who to your knowledge were present at the scene of the Subject Collision at any time in the forty-eight (48) hours after the Subject Collision and explain their role, why they were at the scene and what actions they took.

14.

Identify all person(s) who you to your knowledge have or may have any relevant information regarding: the Subject Collision; the facts leading up to the Subject Collision; the investigation of the Subject Collision; any party to this action; any vehicles involved in the Subject Collision; and/or any claims or defenses raised in this action. The purpose of this Interrogatory is to identify all witnesses whom Swift believes may have relevant testimony of any kind in connection with this case.

**PLAINTIFF'S FIRST INTERROGATORIES, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, AND FIRST REQUEST FOR ADMISSIONS TO DEFENDANT SWIFT TRANSPORTATION CO. OF ARIZONA, LLC – Page 6**

15.

Identify all photographs, motion pictures, maps, plats, drawings, diagrams, videotapes, or other tangible or documentary evidence depicting the scene of the Subject Collision and/or any person or vehicle involved in the Subject Collision.

16.

Did Swift make any effort to perform any accident review, any avoidable/non-avoidable accident determination, any root cause analysis, any DOT reportability determination, or any type of investigation or analysis to discover the cause(s) or contributing cause(s) of the Subject Collision and/or to evaluate whether your driver should be disciplined for any action or inactions related to the Subject Collision? If so, please identify all person(s) involved, all documents and information reviewed, and all determinations.

**MISCELLANEOUS**

17.

Identify each person who was involved in responding to each of the Requests for Admissions served upon you in this civil action.

18.

For each of Plaintiff's First Request for Admissions to Defendant Swift Transportation Co. of Arizona, LLC that you did not admit without qualification, explain in detail the reason for your refusal to admit and identify all persons and documents that support your response.

## DOCUMENT REQUESTS

### GENERAL

**REQUEST NO. 1:**     A copy of each document utilized by you in any way in responding to Plaintiff's First Interrogatories to Defendant Swift Transportation Co. of Arizona, LLC.

**REQUEST NO. 2:**     A copy of each document retention policy in effect for Swift at any time between the time of the Subject Incident and present.

**REQUEST NO. 3:**     A copy of each insurance policy (and declarations page for each policy) that provides or may provide coverage for damages sustained in the Subject Incident.

**REQUEST NO. 4:**     Copies of all reservation of rights letters and/or agreements regarding insurance coverage for the Subject Incident.

### DRIVER

**REQUEST NO. 5:**     All documents setting forth the relationship between Collins and Swift. This includes, but is not limited to, all leases, employment contracts, and independent contractor agreements and other contracts, agreements, memorandum, and the like.

**REQUEST NO. 6:**     The contents of Collins's driver qualification file, driver investigation file, driver history file, and all documents that demonstrate compliance with federal and state driver qualification laws and regulations. The requested documents include, but are not limited to, all documents required by FMCSR, 49 CFR Part 391, and the state equivalent thereto. If any responsive documents have been removed from the driver qualification file, these should be produced nonetheless.

**REQUEST NO. 7:**     All documents of any kind that relate to any pre-employment background investigation of Collins, including without limitation any investigation of Collins's qualifications, character, driving history, training, criminal history, drug use, financial responsibility, medical conditions, health conditions, and/or any other matter relevant to employment with Swift. This specifically includes all data and information obtained through FMCSA's Pre-Employment Screening Program.

**PLAINTIFF'S FIRST INTERROGATORIES, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, AND FIRST REQUEST FOR ADMISSIONS TO DEFENDANT SWIFT TRANSPORTATION CO. OF ARIZONA, LLC – Page 8**

**REQUEST NO. 8:**    All documents that relate in any way to your recruiting of Collins.

**REQUEST NO. 9:**    All documents that relate in any way to you hiring Collins.

**REQUEST NO. 10:**    All documents that relate in any way to any orientation provided by Swift to Collins.

**REQUEST NO. 11:**    All documents that relate in any way to training of Collins. This includes, but is not limited to, all documents that show all training received by Collins, when, where, and who provided the training, and all materials used for training.

**REQUEST NO. 12:**    All quizzes, tests, and/or other assessments (questions and answers) ever given by or on behalf of Swift to Collins at any time. An answer key should also be provided.

**REQUEST NO. 13:**    Copies of all documents (a) explaining how Collins was compensated for the one (1) month leading up to and including the date of the Subject Incident and extending one (1) week after the date of the Subject Incident; and (b) showing any detention of wages over the same time-period.

**REQUEST NO. 14:**    A copy of the front and back of every driver's license issued to Collins (regardless of name used) in your possession, custody, and/or control.

**REQUEST NO. 15:**    All documents placing you on notice of any violation by Collins of any law, ordinance, or regulation. This includes, but is not limited to, reports of violations pursuant to Section 391.27(a) of the Federal Motor Carrier Safety Regulations, as well as copies of citations, warnings, and inspection reports.

**REQUEST NO. 16:**    All documents relating to any and all blood, urine, hair, or other type of drug or alcohol testing of Collins in your possession, custody, and/or control.

**REQUEST NO. 17:**    A copy of all documents relating to any violation of any safety rule or principle by Collins at any time.

**REQUEST NO. 18:**    All documents of any kind that relate to any action (formal or informal) by any supervisor or manager or anyone working by or on behalf of Swift directed to Collins for the

**PLAINTIFF'S FIRST INTERROGATORIES, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, AND FIRST REQUEST FOR ADMISSIONS TO DEFENDANT SWIFT TRANSPORTATION CO. OF ARIZONA, LLC – Page 9**

purpose of  teaching, counseling, disciplining, correcting, or otherwise managing Collins in any way relating to the safe operation of a commercial vehicle. This includes, but is not limited to, all disciplinary actions and the contents of all disciplinary folders or files of any kind by whatever name called.

**REQUEST NO. 19:**    A copy of all documents in your possession relating in any way to any motor vehicle collision and/or accident of any kind in which Collins has been involved.

**REQUEST NO. 20:**    Copies of all documents relating to any complaint, criticism, or concern raised by any person or entity regarding the driving performance and/or safety of Collins. This should include, but is not limited to, customer complaints and call-ins by motorists either to company directly or to any service (i.e., How's My Driving? Call 800…).

**REQUEST NO. 21:**    For each communication device (e.g., cell phones, PDAs, smartphones, texting, and e-mailing devices, etc.) that was in the tractor-trailer that Collins was operating at the time of the Subject Incident, produce all documents reflecting usage and billing for the time-period beginning forty-eight (48) hours before the Subject Incident and ending forty-eight (48) hours after the Subject Incident. This includes all devices, whether owned by Collins or not, and whether it was in use at the time of the Subject Incident or not.

**REQUEST NO. 22:**    Copies of all documents prepared by Collins that describes the Subject Incident or the circumstances leading up to the Subject Incident.

**REQUEST NO. 23:**    All documents evidencing any evaluation of the driving abilities, safety, and/or performance of Collins that have not been produced in response to the preceding requests.

**REQUEST NO. 24:**    A complete copy of the contents of each and every file (whether maintained physically or electronically), regardless of what the file is called, regarding or addressing Collins in any way, that has not been produced in response to other requests above.

### HOURS OF SERVICE-RELATED DOCUMENTS

**REQUEST NO. 25:**     A copy of all Collins's hours of service logs and any other driving logs and/or time sheets for the period beginning one-hundred-eighty (180) days before the Subject Incident and ending seven (7) days following the Subject Incident.

**REQUEST NO. 26:**     In addition to the documents responsive to the preceding request, produce all documents in your possession, custody, or control that demonstrate what Collins was doing for the time-period beginning fourteen (14) days before the Subject Incident and ending two (2) days (2) following the Subject Incident. The requested documents include all documents that a motor carrier division officer might use to audit the logs of this driver, including, but not but are not limited to:

    a.     All documents evidencing hours of service not produced above (e.g., daily logs and time sheets as well as log audits and letters regarding hours of service);

    b.     All documents that could be used to check the accuracy of Hours of Service logs and/or time sheets;

    c.     All documents related to trips (including driver's trip envelopes, trip reports, work reports, bills of lading, manifests, cargo documents of any kind, load documents of any kind, loading and unloading records of any kind, load detention records of any kind, freight bills, pick-up and delivery records of any kind, directions (e.g., routes to take), instructions (delivery notes, times, special handling), driver's trip check and settlement sheets, dispatch records, mileage reports, weight and scale records, and receipts for fuel, food, tolls, lodging, permits, repairs, and/or other purchases and expenses of any kind whether reimbursable or not, final trip accounting documents and printouts, as well as any and all reports and/or summaries of any kind referencing the above information);

    d.     All documents evidencing any and all stops; and

    e.     All driver call in reports and any other documentation of any communications between you and Collins.

**PLAINTIFF'S FIRST INTERROGATORIES, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, AND FIRST REQUEST FOR ADMISSIONS TO DEFENDANT SWIFT TRANSPORTATION CO. OF ARIZONA, LLC – Page 11**

**PLEASE NOTE – NOTHING IN THIS REQUEST SHOULD BE READ TO MEAN THAT PLAINTIFF IS NOT INTERESTED IN DEFENDANT MANTAINING ALL INFORMATION REGARDING ALL COMMERCIAL DRIVING ACTIVITIES FOR SIX MONTHS PRECEDING THE INCIDENT AT ISSUE AND SINCE THE INCIDENT AT ISSUE.  THESE MATERIALS SHOULD BE RETAINED IN THE EVENT THEY ARE REQUESTED.**

**REQUEST NO. 27:**    A copy of all audits and summaries of Collins's hours of service covering the period beginning one (1) year prior to the Subject Incident and ending fourteen (14) days following the Subject Incident.

### VEHICLE INFORMATION

**REQUEST NO. 28:**    For the tractor involved in the Subject Incident, produce the following documents:

      a.      Title;

      b.      Registration;

      c.      Operators manual;

      d.      Maintenance Schedules;

      e.      All documents evidencing maintenance performed on the tractor at any time within 6 months before the Subject Incident;

      f.      All documents evidencing any inspections of the tractor during the six (6) months before the Subject Incident;

      g.      All documents evidencing any repairs and/or modifications to the tractor at any time within six (6) months before the Subject Incident;

      h.      All documents evidencing any repairs made to the tractor as a result of the Subject Collision (including insurance submissions);

      i.      All leases involving the vehicle;

      j.      Documents evidencing the purchase of the vehicle;

**PLAINTIFF'S FIRST INTERROGATORIES, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, AND FIRST REQUEST FOR ADMISSIONS TO DEFENDANT SWIFT TRANSPORTATION CO. OF ARIZONA, LLC – Page 12**

k.      Documents evidencing the sale of the vehicle if it has been sold;

l.      Documents evidencing mileage and weight at time of the Subject Incident; and

m.      Copies of each and every logbook, ledger, file, or the like maintained for any reason regarding the vehicle.

**REQUEST NO. 29:**    For the trailer involved in the Subject Incident, produce the following documents:

a.      Title;

b.      Registration;

c.      Operators manual;

d.      Maintenance and service manuals;

e.      All documents evidencing maintenance performed on the trailer at any time within six (6) months before the Subject Incident;

f.      All documents evidencing any inspections of the trailer during the six (6) months before the Subject Incident;

g.      All documents evidencing any repairs and/or modifications to the trailer at any time within six (6) months before the Subject Incident;

h.      All documents evidencing any repairs made to the trailer as a result of the Subject collision (including insurance submissions);

i.      All leases involving the vehicle;

j.      Documents evidencing the purchase of the vehicle;

k.      Documents evidencing the sale of the vehicle if it has been sold;

l.      Documents evidencing mileage and weight at time of the Subject Incident; and

m.      Copies of each and every logbook, ledger, file or the like maintained for any reason regarding the vehicle.

**REQUEST NO. 30:**    If any data is available (whether or not downloaded or retrieved) from the tractor or any part or system from the tractor (e.g., engine control module (ECM), event data

**PLAINTIFF'S FIRST INTERROGATORIES, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, AND FIRST REQUEST FOR ADMISSIONS TO DEFENDANT SWIFT TRANSPORTATION CO. OF ARIZONA, LLC – Page 13**

recorder (EDR), Sensing Diagnostic Module (SDM), drive-train or transmission control unit, power steering unit, airbag module, ABS or other brake system, or any EOBR), please produce both the printout of the data and the data file in its original format. This request is intended to cover data for as long as it was recorded before during and after the Subject Incident.

**REQUEST NO. 31:** If any data is available (whether or not downloaded or retrieved) from the trailer or any part or system from the trailer (e.g., engine control module (ECM), event data recorder (EDR), Sensing Diagnostic Module (SDM), drive-train or transmission control unit, power steering unit, airbag module, ABS or other brake system, or any EOBR), please produce both the printout of the data and the data file in its original format. This request is intended to cover data for as long as it was recorded before during and after the Subject Incident.

**REQUEST NO. 32:** If the tractor at issue was equipped with a lane departure warning system or collision warning system (e.g., VORAD), please produce the printout of the downloaded data and to the degree possible produce the data file in its original format.

**REQUEST NO. 33:** Produce copies of all e-mails between Collins and Swift for the time-period beginning ninety (90) days prior to the Subject Incident and present.

**REQUEST NO. 34:** Produce copies of all communications and transmissions between Collins and Swift that were transmitted through any system on-board of the tractor or trailer involved in the Subject Incident for the period beginning thirty (30) days before the Subject Incident and ending seven (7) days after the Subject Incident. This includes any and all satellite or cellular systems, regardless of manufacturer, and includes, without limitation, all electronic on-board recorders (EOBRs) and  system such as those made available by Qualcomm, TransCore, SkyBitz, Fluensee, Fleetilla, Teletrac, Lat-Lon, Telogis, GeoLogic, Cheetah, Xata, PeopleNet, and other transportation service and product providers.

**REQUEST NO. 35:** If the tractor was equipped with any on-board audio or video recording or monitoring devices and/or any other driver or driver safety monitoring system, please produce everything that was retrieved or could be retrieved from such devices and systems.

**PLAINTIFF'S FIRST INTERROGATORIES, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, AND FIRST REQUEST FOR ADMISSIONS TO DEFENDANT SWIFT TRANSPORTATION CO. OF ARIZONA, LLC – Page 14**

**REQUEST NO. 36:**   To the degree that it has not been produced in response to other requests above, produce all data of any kind that was recovered from the tractor, the trailer, and/or anything inside or connected to any part or system of the tractor and/or trailer that were involved in the Subject Incident.

**REQUEST NO. 37:**   A copy of each out of service report or violation concerning the <u>tractor</u> and/or the <u>trailer</u> involved in the Subject Incident from the period beginning one (1) year prior to the Subject Incident through present. This request includes any supplements, responses, amendments, and dispositions regarding any violation.

**REQUEST NO. 38:**   Produce all documents evidencing damage to any vehicle or other property as a result of the Subject Incident, including, but not limited to, repair estimates, appraisals, purchase invoices, repair bills, and checks or drafts reflecting payment for repair or replacement, and any other documents concerning or establishing the value of any item of property before or after the Subject Incident.

**REQUEST NO. 39:**   Produce all documents given to any person or entity, including any insurance company in return for payment in whole or in part for property damage, e.g., loan receipt(s), release(s), assignment(s), etc.

**REQUEST NO. 40:**   For the tractor and trailer involved in the Subject Incident, produce all the Driver Vehicle Inspection Reports (DVIR) from the period beginning six (6) months before the Subject Incident and ending one (1) week after the Subject Incident.

**REQUEST NO. 41:**   Produce all pre-trip inspection reports for the trip in question and three (3) months prior to the date of the Subject Incident for the <u>tractor</u> and <u>trailer</u>.

<u>**LOAD**</u>

**REQUEST NO. 42:**   All documents that relate to the load being hauled by Collins at the time of the Subject Incident, including, by way of example and without limitation, all manifests, bills of lading, weight receipts, dispatch documents, content summaries, and documents that address the contents, ownership, pick-up, detainment, and delivery of the load.

**PLAINTIFF'S FIRST INTERROGATORIES, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, AND FIRST REQUEST FOR ADMISSIONS TO DEFENDANT SWIFT TRANSPORTATION CO. OF ARIZONA, LLC – Page 15**

## SUBJECT INCIDENT

**REQUEST NO. 43:**   A copy of every document related to any investigation done by or on behalf of Swift of the scene of the Subject Incident.

**REQUEST NO. 44:**   All documents authored by anyone working for or on behalf of Swift that set forth any facts relating to the Subject Incident.

**REQUEST NO. 45:**   All documents that explain what caused the Subject Incident.

**REQUEST NO. 46:**   All documents assessing preventability of and/or fault for the Subject Incident.

**REQUEST NO. 47:**   If the scene of the Subject Incident was mapped (with a total station or other survey equipment) within fourteen (14) days of the Subject Incident, please produce a copy of the survey data files and all diagrams produced therefrom.

**REQUEST NO. 48:**   Copies of all photographs, video, computer simulations, and any other documents depicting:

      a.     Any vehicle involved in the Subject Incident;

      b.     Any person involved in the Subject Incident;

      c.     The scene of the Subject Incident; and/or

      d.     Any evidence (roadway markings or other) relevant to the Subject Incident.

**REQUEST NO. 49:**   Copies of all reports (you know what this means and it is not vague) relating to the Subject Incident including those prepared by Collins and those prepared by anyone working for or on behalf of Swift (except lawyers).

**REQUEST NO. 50:**   A copy of all correspondence and other communications (including e-mail) that you have had with any person other than your lawyer involving the Subject Incident.

**REQUEST NO. 51:**   All tapes and transcripts of conversations, interviews, and/or statements of any person who purports to know any facts or circumstances relevant to the issues of liability, comparative fault, causation, and/or damages in this case.

**PLAINTIFF'S FIRST INTERROGATORIES, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, AND FIRST REQUEST FOR ADMISSIONS TO DEFENDANT SWIFT TRANSPORTATION CO. OF ARIZONA, LLC – Page 16**

**REQUEST NO. 52:**   If an Accident Review Board or similar entity reviewed the Subject

Incident, produce the following:

      a.     A copy of all documents (as defined) and other materials of any kind reviewed by

      said board or entity;

      b.     A copy of all reports and documents (as defined) of any kind generated by said

      board or entity;

      c.     Documents evidencing who was on the board;

      d.     Documents evidencing all criteria for review; and

      e.     Determination of preventability and all other conclusions reached by said board

      or entity.

<u>**GOVERNMENTAL CONTACT AND INTERVENTION**</u>

**REQUEST NO. 53:**   Copies of all documents sent to or received from any governmental

agency regarding the Subject Incident, the driver involved in the Subject Incident, or any subject

that is part of the basis of this lawsuit.

**REQUEST NO. 54:**   Copy of all documents and communications of any kind related to any

CSA Intervention against your company in the past two (2) years.

<u>**POLICY AND PROCEDURES**</u>

**REQUEST NO. 55:**   Copies of all Swift policies, procedures, rules, guidelines, directives,

manuals, handbooks, and instructions that were in effect at the time of the Subject Incident,

relating to:

      a.     Working for or with trucking company generally (e.g., employee manual or

      handbook);

      b.     Operation of any motor vehicle (e.g., driving manuals or handbooks, and the

      like);

      c.     Operation of a commercial vehicle;

      d.     Driving safety;

**PLAINTIFF'S FIRST INTERROGATORIES, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, AND FIRST REQUEST FOR ADMISSIONS TO DEFENDANT SWIFT TRANSPORTATION CO. OF ARIZONA, LLC – Page 17**

e.      Defensive driving;

f.      Compliance with federal and state laws and regulations;

g.      Accident investigation;

h.      Accident review boards;

i.      Determination of preventability of accidents;

j.      Hiring, training and supervising drivers; and

k.      Disciplinary actions.

**REQUEST NO. 56:**    Copies of each document that Collins signed to prove that Collins received and/or agreed to be bound by any policies, procedures, rules, guidelines, and/or standards of Swift.

**REQUEST NO. 57:**    To the degree that Swift has any rules, policies, procedures, guidelines, driving manuals, employee handbooks, or manuals, or other similar documents that were not provided to Collins before the Subject Incident, please produce them now.

**REQUEST NO. 58:**    A complete copy of, or in the alternative, access to, each driver safety training film, video, videotape, videocassette, audio cassette, computer program, simulator, and driver diagnostic record or test maintained by your company, or used by Swift, its personnel, agents, or employees during the year of the Subject Incident and three (3) years prior.

**REQUEST NO. 59:**    Copies of all industry and/or other guidelines and/or practices that you rely upon to support your contentions in this case.

**T<small>RUCKING</small> C<small>OMPANY</small>**

**REQUEST NO. 60:**    Copy of documents showing the hierarchy of managerial positions at Swift and who occupied such positions as of the time of the Subject Incident and presently.

**REQUEST NO. 61:**    A copy of each document (including articles and presentations) prepared and/or presented by any Swift representative relating to the safe operation of a commercial motor vehicle and/or the safe operation of a trucking company in the past five (5) years.

**PLAINTIFF'S FIRST INTERROGATORIES, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, AND FIRST REQUEST FOR ADMISSIONS TO DEFENDANT SWIFT TRANSPORTATION CO. OF ARIZONA, LLC – Page 18**

**REQUEST NO. 62:**     All company newsletters distributed during the time-period beginning two (2) years before the Subject Incident and present.

**REQUEST NO. 63:**     A copy of all lease and trip lease contracts applicable to Collins and/or any vehicle involved in the Subject Incident.

**REQUEST NO. 64:**     Copies of any contract under which your company was operating the truck in question at the time of the Subject Incident.

**REQUEST NO. 65:**     A copy of Swift's accident register maintained as required by 49 CFR § 390.35.

**REQUEST NO. 66:**     Transcripts or recordings of all depositions of corporate designees for Swift given in the past five (5) years in cases where it was alleged that a driver working for Swift caused injury or death to another person.

**REQUEST NO. 67:**     Copies of all documents putting any third party on notice of a claim arising from the Subject Incident.

**REQUEST NO. 68:**     All correspondence and other communication of any kind between you and any other Defendant to this Action.

<u>MISCELLANEOUS</u>

**REQUEST NO. 69:**     With respect to each expert witness who may provide testimony at the trial of this case, provide:

     a.      A copy of all documents (as that term is defined above) and items of any kind produced **to** said expert;

     b.      A copy of all documents (as that term is defined above) and items of any kind generated or produced **by** said expert;

     c.      A copy of the entire file of said expert;

     d.      A current résumé or curriculum vitae for said expert; and

     e.      All billing records and work logs for said expert.

**REQUEST NO. 70:**   A copy of any and all documents and other materials which support any contention that the Subject Incident was the fault of anyone other than the Defendants.

**REQUEST NO. 71:**   Copies of all diagrams, graphs, illustrations, photographs, charts, pictures, models, blow-ups, or any other document or thing, including electronically created charts, animations, or data that you intend to utilize as an exhibit, demonstrative exhibit, or aid in the trial of this case not previously supplied.

**REQUEST NO. 72:**   Produce each document or thing that you contend is evidence, proof, or support of your claims on any issue of negligence or causation as to the Subject Incident, including, but not limited to, admissions of fault, engineering analysis, scientific tests, and official or unofficial reports.

**REQUEST NO. 73:**   Produce each document or thing that you contend evidences or supports your denial of any of Plaintiff's Requests for Admissions.

**REQUEST NO. 74:**   If any surveillance has been undertaken by or on behalf of Swift, produce a copy of all reports, photographs, video, and anything else generated through that investigation.

**R**EQUESTS FOR **A**DMISSION

**REQUEST NO. 1**      At the time of the Subject Collision, Swift was the owner of a tractor-trailer involved in the Subject Collision.

**REQUEST NO. 2**      The DOT number for the tractor-trailer that was involved in the Subject Collision was 54283.

**REQUEST NO. 3**      The MC-ICC number for the tractor-trailer that was involved in the Subject Collision was MC-136818.

**REQUEST NO. 4**      The VIN for the tractor-trailer that was involved in the Subject Collision was 3AKJHHDR3JSJJ1580.

**REQUEST NO. 5**      At the time of the Subject Collision, Collins was an agent of Swift.

**REQUEST NO. 6**      At the time of the Subject Collision, Collins was an employee of Swift.

**REQUEST NO. 7**      At the time of the Subject Collision, Collins was acting within the course and scope of his employment with Swift.

**REQUEST NO. 8**      At the time of the Subject Collision, Collins was acting within the course and scope of his agency with Swift.

**REQUEST NO. 9**      At the time of the Subject Collision, Collins was operating the tractor-trailer owned by Swift.

**REQUEST NO. 10**      At the time of the Subject Collision, Collins was operating the tractor-trailer with the permission of Swift.

**REQUEST NO. 11**      At the time of the Subject Collision, Collins was operating the tractor-trailer with the knowledge of Swift.

**REQUEST NO. 12**      At the time of the Subject Collision, Collins was operating the tractor-trailer as trained by Swift.

**REQUEST NO. 13**      Swift is properly named in the Complaint.

**REQUEST NO. 14**      Venue is proper in this Court.

**REQUEST NO. 15**      Jurisdiction is proper in this Court.

**REQUEST NO. 16**      Service of process upon Swift in this civil action was proper.

**REQUEST NO. 17**      Service of process upon Swift in this civil action was legally sufficient.

**REQUEST NO. 18**      You are not asserting the defense of insufficiency of service of process.

**REQUEST NO. 19**      You are not asserting the defense of improper service of process.

**REQUEST NO. 20**      Collins was the driver of Swift's tractor-trailer that collided with Plaintiff's vehicle.

**REQUEST NO. 21**      Collins failed to maintain his lane of travel.

**REQUEST NO. 22**      Collins failed to maintain proper control of his tractor-trailer at the time of the Subject Collision.

**REQUEST NO. 23**      At the time of the Subject Collision, Collins failed to keep and maintain a proper look out for traffic.

**REQUEST NO. 24**      Collins was not paying attention to traffic like he should have been.

**REQUEST NO. 25**      Collins gave a recorded statement to one (1) or more insurance companies that provided liability coverage for the truck that Collins was driving at the time of the Subject Collision.

**REQUEST NO. 26**      Collins had a mobile cellular device present inside his tractor-trailer at the time of the Subject Collision.

**REQUEST NO. 27**      Collins had more than one (1) mobile cellular device was present inside his tractor-trailer at the time of the Subject Collision.

**REQUEST NO. 28**      Collins was using at least one (1) mobile cellular device in his tractor-trailer at the time of the Subject Collision.

**REQUEST NO. 29**      Collins was using more than one (1) mobile cellular device inside his tractor-trailer at the time of the Subject Collision.

**REQUEST NO. 30**      Collins was using a mobile cellular device at the moment of impact with Plaintiff's vehicle.

**PLAINTIFF'S FIRST INTERROGATORIES, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, AND FIRST REQUEST FOR ADMISSIONS TO DEFENDANT SWIFT TRANSPORTATION CO. OF ARIZONA, LLC – Page 22**

**REQUEST NO. 31**     While at the scene of the collision, Collins conversed with at least one (1) person about what had happened before, during, and/or after the Subject Collision using a mobile cellular device.

**REQUEST NO. 32**     While at the scene of the collision, Collins texted at least one (1) person about what had happened before, during, and/or after the Subject Collision using a mobile cellular device.

**REQUEST NO. 33**     While at the scene of the collision, Collins had a cellular mobile device or a camera that he could have used to take pictures of the scene of the Subject Collision, the vehicles involved, and/or the persons involved.

**REQUEST NO. 34**     While at the scene of the collision, Collins took at least one (1) photograph of the scene of the Subject Collision, the vehicles involved, and/or the persons involved using a mobile cellular device.

**REQUEST NO. 35**     While at the scene of the collision, Collins took video recording(s) using a mobile cellular device of the scene of the Subject Collision, the vehicles involved, and/or the persons involved.

**REQUEST NO. 36**     While at the scene of the collision, Collins took audio recording(s) of the scene of the Subject Collision, the vehicles involved, and/or the persons involved using a mobile cellular device.

**REQUEST NO. 37**     No improper act of the Plaintiff caused or contributed to the cause of the Subject Collision.

**REQUEST NO. 38**     No failure to act by Plaintiff caused or contributed to the cause of Subject Collision.

**REQUEST NO. 39**     No improper act or failure to act on the part of any third party to this action caused or contributed to the cause of the Subject Collision.

**REQUEST NO. 40**     Collins's neglect acts and/or omissions were the sole cause of the Subject Collision.

**PLAINTIFF'S FIRST INTERROGATORIES, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, AND FIRST REQUEST FOR ADMISSIONS TO DEFENDANT SWIFT TRANSPORTATION CO. OF ARIZONA, LLC – Page 23**

**REQUEST NO. 41**     Collins's neglect acts and/or omissions were a contributing cause of the Subject Collision.

**REQUEST NO. 42**     No visual obstructions existed leading up to the Subject Collision that would have prevented Collins from seeing Plaintiff's vehicle in the one hundred (100) feet prior to the Subject Collision.

**REQUEST NO. 43**     No visual obstructions existed leading up to the Subject Collision that would have prevented Collins from seeing Plaintiff's vehicle in the two hundred fifty (250) feet prior to the Subject Collision.

**REQUEST NO. 44**     No visual obstructions existed leading up to the Subject Collision that would have prevented Collins from seeing Plaintiff's vehicle in the five hundred (500) feet prior to the Subject Collision.

**REQUEST NO. 45**     No visual obstructions existed leading up to the Subject Collision that would have prevented Collins from seeing Plaintiff's vehicle in the seven hundred fifty (750) feet prior to the Subject Collision.

**REQUEST NO. 46**     No visual obstructions existed leading up to the Subject Collision that would have prevented Collins from seeing Plaintiff's vehicle in the one thousand (1000) feet prior to the Subject Collision.

**REQUEST NO. 47**     The person answering these questions has authority from Swift to do so.

**REQUEST NO. 48**     Swift had a definition of "preventable accident" at the time of the Subject Collision.

**REQUEST NO. 49**     Swift determined that the Subject Collision was preventable according to its definition of preventable accident.

Dated this 30th day of April, 2021.

WITHERITE LAW GROUP, LLC

*/s/ J. Martin Futrell*
J. MARTIN FUTRELL

**PLAINTIFF'S FIRST INTERROGATORIES, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, AND FIRST REQUEST FOR ADMISSIONS TO DEFENDANT SWIFT TRANSPORTATION CO. OF ARIZONA, LLC – Page 24**

GEORGIA STATE BAR NUMBER 450872

ATTORNEY FOR PLAINTIFF

600 WEST PEACHTREE STREET, NW, SUITE 740
ATLANTA, GA 30308
TELEPHONE:    470-881-8806
FACSIMILE:    470-881-8819
E-MAIL:    MARTIN.FUTRELL@WITHERITELAW.COM

STATE COURT OF
DEKALB COUNTY, GA.
4/30/2021 11:20 AM
E-FILED
BY: Monica Gay

**PLAINTIFF'S FIRST INTERROGATORIES, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, AND FIRST REQUEST FOR ADMISSIONS TO DEFENDANT SWIFT TRANSPORTATION CO. OF ARIZONA, LLC – Page 25**

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

KIMBERLY PINKSTON,

     Plaintiff,

v.

SWIFT TRANSPORTATION CO. OF
ARIZONA, LLC, and
ANDREW COLLINS,

     Defendants.

CIVIL ACTION

FILE NO. _____
21A02131

---

### PLAINTIFF'S FIRST INTERROGATORIES, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, AND FIRST REQUEST FOR ADMISSIONS TO DEFENDANT ANDREW COLLINS

COMES NOW, PLAINTIFF KIMBERLY PINKSTON ("Plaintiff"), by and through her counsel of record and pursuant to O.C.G.A. §§ 9-11-33, 9-11-34, and 9-11-36, hereby propounds the following Interrogatories, Request for Production of Documents, and Request for Admissions to Defendant Driver Andrew Collins ("Collins") for response under oath pursuant to Rule 33, Rule 34, and Rule 36 of the Georgia Civil Practice Act and as required by law.

### DEFINITIONS

As used herein, the terms listed below are defined as follows:

1.    The term "**Document**" as used herein shall be given a very broad definition to include every type of paper, writing, data, record, graphic, drawing, photograph, audio recording and video recording. The term includes material in all forms, including printed, written, recorded, or other.  The term includes all files, records and data contained in any computer system, computer component and/or computer storage (e.g., hard drive, disc, magnetic tape, backup system, etc.). This term includes, but is not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules,

PLAINTIFF'S FIRST INTERROGATORIES, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, AND FIRST REQUEST FOR ADMISSIONS TO DEFENDANT ANDREW COLLINS – Page 1

STATE COURT
DEKALB COUNTY,
4/30/2021 11:20
E-FII

circulars, bulletins, notices, instructions, manuals, journals, e-mails, e-mail attachments, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, hard drive recordings, pictures, and voice recordings. Plaintiffs expressly intend for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2.      "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

3.      (a)      "**Identify**" with respect to any "**person**" or any reference to stating the "**identity**" of any "**person**" means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

      (b)      "**Identify**" with respect to any "**document**" or any reference to stating the "**identification**" of any "**document**" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

4.      "**Subject Incident**" means the collision described in the Complaint.

5.      "**You**", "**Your**", or "**Collins**" means Defendant Driver ANDREW COLLINS.

6.      "**Swift**" means Defendant SWIFT TRANSPORTATION CO. OF ARIZONA, LLC.

7.      "**Similar**" shall have the meaning given in the American Heritage Dictionary, which is "showing some resemblance; related in appearance or nature; alike but not identical." As used

**PLAINTIFF'S FIRST INTERROGATORIES, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, AND FIRST REQUEST FOR ADMISSIONS TO DEFENDANT ANDREW COLLINS – Page 2**

here, the word "similar" shall not be limited as if modified by the word "substantially" and shall not mean "the same". If you limit the information provided because you use another interpretation of the word "similar," please state the interpretation you are using and reveal the nature of the information withheld.

8.      The terms "**and**" as well as "**or**" shall be each construed conjunctively and disjunctively as necessary to bring within the scope of each interrogatory and request for documents all information and documents that might otherwise be construed to be outside its scope. The term "**and/or**" shall be construed likewise.

9.      Whenever necessary to bring within the scope of an interrogatory or request for production of documents any information or document that might otherwise be construed to be outside its scope:  (i) the use of a verb in any tense shall be construed as the use of the verb in all other tenses; (ii) the use of the singular shall be construed as the use of the plural and vice versa; and (iii) "**any**" includes "all," and "**all**" includes "any."

10.     With regard to any term used herein that is deemed by the responding party as being ambiguous or vague, a term shall be construed in its broadest sense to encompass all reasonable definitions of that term.

## **INTERROGATORIES**

### **YOUR BACKGROUND INFORMATION**

1.

State your full name, address, date and place of birth, and social security number. If you have ever been known by any name(s) other than the one you identify, please state each such name and for each such name explain when you were known by that name, whether you had a separate social security number and/or driver's license in that name, and explain why you changed names or went by more than one name.

2.

For each driver's license you have had in the past seven (7) years, identify the state of issue, the date of issue, the number and whether or not it was a commercial driver's license.

3.

Identify each address where you have lived in the past ten (10) years and provide the dates when you lived at each address.

4.

For each place you have worked (as an employee, independent contractor, leased driver, or otherwise) in the past fifteen (15) years, provide the following information: name of entity or person, for whom you worked; address; dates you worked there; job position; supervisor's name; and the reason you left.

5.

Identify each person you expect to call as an expert witness at trial including in your response a summary of each opinion the expert holds in regards to this case, the factual basis for each such opinion, a list of all documents and evidence of any kind provided to the expert for review and a list of all documents and evidence of any kind that support each opinion.

6.

Identify all motor vehicle collisions that you have been involved in during the past fifteen (15) years and for each collision, describe what happened; where the collision occurred; the names of the other individuals involved; who was at fault; and whether there were any injuries.

7.

If you have been arrested, charged, warned and/or cited for any violation of any ordinance, law and/or regulation in the past ten (10) years or if you have ever been convicted at any time of a felony, for each arrest/charge/warning/citation/conviction, identify the charge, jurisdiction, date, and disposition. This includes all traffic violations, licensing violations, vehicle and/or driver inspection violations, and all violations of any criminal code and law.

8.

If you have ever been disqualified from driving a motor vehicle, please describe when and under what circumstances you were disqualified.

9.

Have you had any medical condition in the past five (5) years that could affect your ability to operate a motor vehicle (including without limitation any condition affecting vision, hearing, high or low blood pressure, epilepsy, sleep issues, diabetes, nervous system issues, endocrine system issues, motor skill issues, issues with sensory abilities, sleep apnea, etc.)? If so, describe in detail each condition, who has treated you for the condition, and the nature and dates of these treatments.

10.

Have you ever been involved in any lawsuit other than the present one (excluding domestic cases)? If so, explain whether you were a Plaintiff, Defendant, or witness and identify the style, jurisdiction, date, and nature of the lawsuit.

**PLAINTIFF'S FIRST INTERROGATORIES, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, AND FIRST REQUEST FOR ADMISSIONS TO DEFENDANT ANDREW COLLINS – Page 5**

11.

Identify all training you have received in connection with operating a commercial motor vehicle, including courses taken to obtain your driver's license and training received since obtaining your driver's license.

### INSURANCE

12.

For each liability insurance policy of any kind that does or may provide any coverage on behalf of any Defendant (whether it is your policy or anyone else's policy) for damages/injuries alleged in this case and/or that is providing you a defense, provide: name of insurer; policy number; limits of coverage; the name(s) of all insureds; and state whether any insurer has offered a defense under a reservation of rights or otherwise contested coverage for the subject case.

### SUBJECT COLLISION

13.

Have you communicated with any person (other than your attorneys) in any way regarding the Subject Collision at any time including but not limited to giving any prepared statement or account of the events? If so, provide the details of any such communications, statements and accounts by explaining when, where, in what form, to whom the statement or account was given and the substance of your communication, statement, or account.

14.

Identify all person(s) who you to your knowledge have or may have any personal knowledge or information regarding: the Subject Collision; the facts leading up to the Subject Collision; the investigation of the Subject Collision; any party to this action; any vehicles involved in the Subject Collision or; and/or any other incidents, claims, or defenses raised in this action. The purpose of this interrogatory is to identify all witnesses you believe may have relevant testimony of any kind in connection with this case.

**PLAINTIFF'S FIRST INTERROGATORIES, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, AND FIRST REQUEST FOR ADMISSIONS TO DEFENDANT ANDREW COLLINS – Page 6**

15.

If you maintain that either PLAINTIFF or anyone else not a party to this lawsuit has any responsibility of any kind for causing the Subject Collision, and/or for causing any of the damages alleged in Plaintiff's Complaint, describe in detail the basis for their responsibility and identify all person(s) who have any knowledge regarding this issue.

16.

If you consumed any alcoholic beverage, sedative, tranquilizer, stimulant, and/or other prescription and/or over-the-counter drug or medicine (whether legal or not) during the seventy-two (72) hour period <u>immediately before</u> the Subject Collision, identify the substance consumed, the amount consumed, the time and place of consumption and the purpose for the consumption.

<u>**MISCELLANEOUS**</u>

17.

Provide your mobile phone carrier(s) and mobile phone number(s) existing at the time of the Subject Collision, and with respect to all of the phone calls you made on your cell phone on the date of the Subject Collision, please state: the time each call was placed; the time each call ended; the person or persons with whom you spoke on each call; the phone number of the person or persons with whom you spoke with on each call; the purpose for each call; and whether you were operating the tractor involved in the Subject Collision at any time during each call.

18.

With respect to the deliveries/trips that you were scheduled to make on the day of the Subject Collision, please identify: the name and address of the delivery/trip location(s); what was to be delivered; and the time the load was to be delivered or the trip was to be completed.

19.

Explain in detail where you were and what you were doing during the seventy-two (72) hours <u>immediately prior to</u> and the forty-eight (48) hours <u>immediately following</u> the Subject

**PLAINTIFF'S FIRST INTERROGATORIES, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, AND FIRST REQUEST FOR ADMISSIONS TO DEFENDANT ANDREW COLLINS – Page 7**

Collision. This response should include the time and location of each pick up, delivery and stop and the reason for each stop (e.g., load, unload, fuel, rest, meal, inspection, repair, other) as well as what you were doing when off duty. Identify all documents that evidence your response and all people who can substantiate your response.

20.

For the seventy-two (72) hours leading up to the Subject Collision, provide the amount of your driving hours, on-duty non-driving hours, locations during your on-duty non-driving hours, all stops you made and the reasons therefor, when and where your meals were eaten, when and where you slept and when you ingested any medications (prescription or over the counter) and the dosages.

21.

For each of Plaintiff's First Request for Admissions addressed to you that you did not admit without qualification, explain in detail the reason for your refusal to admit and identify all persons and documents that support your response.

## DOCUMENT REQUESTS

### GENERAL

**REQUEST NO. 1:**     All documents utilized by you in any way in responding to Plaintiff's First Interrogatories to Defendant Andrew Collins.

**REQUEST NO. 2:**     Each liability insurance policy (and declarations page for each policy) that provides or may provide coverage for damages sustained in the Subject Collision and/or if coverage was in dispute that was in place at the time of the Subject Collision.

**REQUEST NO. 3:**     A copy of each automobile insurance policy that you had in place at the time of the Subject Collision, which provided liability coverage for the operation of the tractor-trailer that was involved in the Subject Collision.

**REQUEST NO. 4:**     All documents that you have exchanged with any insurance company evidencing the Subject Collision.

**REQUEST NO. 5:**     All documents that you have exchanged with any insurance company evidencing a lack of coverage for the Subject Collision.

**REQUEST NO. 6:**     All reservation of rights letters and/or agreements regarding insurance coverage for the claims asserted against you arising from the Subject Collision.

**REQUEST NO. 7:**     All documents directly or indirectly provided to and received from any insurance company regarding your driving history, criminal history, claims history, training, and qualification to drive and/or your insurability for motor vehicle operations.

**REQUEST NO. 8:**     All documents and driver training resources provided or made available to you directly or indirectly by any insurance company.

### DEFENDANT SWIFT TRANSPORTATION CO. OF ARIZONA, LLC

**REQUEST NO. 9:**     All documents setting forth the relationship between you and Defendant Swift Transportation Co. of Arizona, LLC ("Swift"). This includes, but is not limited to, all leases, employment contracts, and independent contract agreements and other contracts, agreements, memorandum, and the like.

**REQUEST NO. 10:**    All payroll records from any source during the sixty (60) days before and after the Subject Collision.

**REQUEST NO. 11:**    All documents in your possession that relate to your qualification to operate a commercial motor vehicle.

**REQUEST NO. 12:**    All documents that relate in any way to your training to operate a commercial motor vehicle.

**REQUEST NO. 13:**    A copy of the front and back of every driver's license issued to you (regardless of name used) in your possession, custody, and/or control.

**REQUEST NO. 14:**    Copies of all citations, warnings, and other documents alleging that you violated any law, ordinance, and/or regulation in the last five (5) years.

**REQUEST NO. 15:**    All documents of any kind that relate to any action (formal or informal) by any supervisor or manager or anyone working by or on behalf of Swift directed to you for the purpose of teaching, counseling, disciplining, correcting, or otherwise managing you in any way relating to the safe operation of a commercial vehicle.

**REQUEST NO. 16:**    All documents relating in any way to any motor vehicle collision and/or accident of any kind in which you were involved in the past five (5) years.

**REQUEST NO. 17:**    All documents relating to any complaint, criticism, or concern raised by any person or entity regarding your driving performance and/or safety. This should include, but is not limited to, customer complaints and call-ins by motorists either to a company directly or to any service (i.e., How's My Driving?  Call 800…).

**REQUEST NO. 18:**    For each communication device (e.g., cell phones, PDAs, smartphones, texting and e-mailing devices, etc.) that was in the truck that you were operating at the time of the Subject Collision, produce all documents reflecting usage and billing for the time period time period beginning twenty-four (24) hours before the Subject Collision and ending twenty-four (24) hours after the Subject Collision. This includes all devices, whether owned by you or not, and whether it was in use at the time of the Subject Collision or not.

**PLAINTIFF'S FIRST INTERROGATORIES, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, AND FIRST REQUEST FOR ADMISSIONS TO DEFENDANT ANDREW COLLINS – Page 10**

**REQUEST NO. 19:**   All of your personnel files and employment-related files in your possession.

**REQUEST NO. 20:**   All correspondence and other communication of any kind between you and any third party (other than your attorneys) evidencing to the Subject Collision.

<u>SUBJECT COLLISION</u>

**REQUEST NO. 21:**   All documents in your possession, custody, and/or control relating in any way to the Subject Collision.

**REQUEST NO. 22:**   All documents sent by you to any person or entity (other than your attorneys), regarding the Subject Collision and/or describing the Subject Collision.

**REQUEST NO. 23:**   All documents evidencing each investigation done by or on behalf of Defendants evidencing to the Subject Collision of the Subject Collision.

**REQUEST NO. 24:**   All documents that set forth any facts leading up to the Subject Collision.

**REQUEST NO. 25:**   All documents that explain what caused the Subject Collision.

**REQUEST NO. 26:**   All documents assessing preventability of and/or fault for the Subject Collision, as well as any documents created by any accident review board or other accident review process.

**REQUEST NO. 27:**   All photographs, video, computer simulations, and any other documents depicting:

      a.      Any vehicle involved in the Subject Collision;

      b.      Any person involved in the Subject Collision;

      c.      The scene of the Subject Collision; and/or

      d.      Any evidence (roadway markings or other) relevant to the Subject Collision.

**REQUEST NO. 28:**   All reports relating to the Subject Collision in your possession, custody, and/or control.

**REQUEST NO. 29:**   All correspondence and other communications (including e-mail) that you have had with any person other than your lawyers involving the Subject Collision.

**REQUEST NO. 30:**   All tapes and transcripts of conversations, interviews, statements, etc. of any witness, party, or any other entity whatsoever regarding any aspect of the Subject Collision, the injuries or damages resulting therefrom, or this lawsuit.

### GOVERNMENTAL CONTACT AND INTERVENTION

**REQUEST NO. 31:**   Copies of all documents sent to or received from any governmental agency regarding the Subject Collision and/or your operation of a commercial motor vehicle within the past three (3) years.

### POLICIES AND PROCEDURES

**REQUEST NO. 32:**   All handbooks and manuals provided to you by Swift that were in effect at the time of the Subject Collision.

**REQUEST NO. 33:**   All policies, procedures, rules, guidelines, directives, and instructions ever given to you by Swift.

### MISCELLANEOUS

**REQUEST NO. 34:**   All documents and other materials which support any contention that the Subject Collision was the fault of anyone other than the Defendants.

**REQUEST NO. 35:**   All diagrams, graphs, illustrations, photographs, charts, pictures, models, blow-ups, or any other document or thing, including electronically created charts, animations, or data that you intend to utilize as an exhibit, demonstrative exhibit, or aid in the trial of this case not previously supplied.

**REQUEST NO. 36:**   All documents and things that you contend evidence, prove, and/or support your claims on any issue of negligence or causation as to the Subject Collision, including, but not limited to, admissions of fault, engineering analysis, scientific tests, and official or unofficial reports.

**REQUEST NO. 37:**   If any surveillance has been undertaken by or on behalf of you, produce a copy of all reports, photographs, video, and anything else generated through that investigation.

## **REQUESTS FOR ADMISSION**

**REQUEST NO. 1**        Collins is a proper party to this lawsuit.

**REQUEST NO. 2**        Collins was properly named in this case.

**REQUEST NO. 3**        Collins was properly and sufficiently with process in this civil action.

**REQUEST NO. 4**        You are not asserting the defense of insufficiency of service of process.

**REQUEST NO. 5**        You are not asserting the defense of improper service of process.

**REQUEST NO. 6**        Venue is proper in this Court as to you.

**REQUEST NO. 7**        Jurisdiction is proper in this Court as to Collins.

**REQUEST NO. 8**        Collins was an employee of Swift at the time of the Subject Collision.

**REQUEST NO. 9**        Collins was an agent of Swift at the time of the Subject Collision.

**REQUEST NO. 10**        Collins was acting within the scope of his employment with Swift at the time of the Subject Collision.

**REQUEST NO. 11**        Collins was acting within the scope of his agency with Swift at the time of the Subject Collision.

**REQUEST NO. 12**        Admit that you were the driver of the truck that collided with Plaintiff's vehicle on or about December 29, 2019.

**REQUEST NO. 13**        Admit that you failed to maintain your lane of travel at the time of the Subject Collision.

**REQUEST NO. 14**        Collins failed to maintain proper control of his tractor at the time of the Subject Collision.

**REQUEST NO. 15**        At the time of the Subject Collision, Collins failed to keep and maintain a proper look out for traffic.

**REQUEST NO. 16**        Collins was not paying attention to traffic like he should have been.

**REQUEST NO. 17**        At the time of the Subject Collision, Collins did not see Plaintiff's vehicle next to him.

**PLAINTIFF'S FIRST INTERROGATORIES, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, AND FIRST REQUEST FOR ADMISSIONS TO DEFENDANT ANDREW COLLINS – Page 13**

**REQUEST NO. 18**     Collins gave a recorded statement to one (1) or more insurance companies that provided liability coverage for the tractor that Collins was driving at the time of the Subject Collision.

**REQUEST NO. 19**     Collins had a mobile cellular device present inside his tractor-trailer at the time of the Subject Collision.

**REQUEST NO. 20**     Collins had more than one (1) mobile cellular device was present inside his tractor-trailer at the time of the Subject Collision.

**REQUEST NO. 21**     Collins was using at least one (1) mobile cellular device in his tractor-trailer at the time of the Subject Collision.

**REQUEST NO. 22**     Collins was using more than one (1) mobile cellular device inside his tractor-trailer at the time of the Subject Collision.

**REQUEST NO. 23**     Collins was using a mobile cellular device at the moment of impact with Plaintiff's vehicle.

**REQUEST NO. 24**     While at the scene of the collision, Collins conversed with at least one (1) person about what happened before, during, and/or after the Subject Collision using a mobile cellular device.

**REQUEST NO. 25**     While at the scene of the collision, Collins texted at least one (1) person about what had happened before, during, and/or after the Subject Collision using a mobile cellular device.

**REQUEST NO. 26**     While at the scene of the collision, Collins had a cellular mobile device or a camera that he could have used to take pictures of the scene of the Subject Collision, the vehicles involved, and/or the persons involved.

**REQUEST NO. 27**     While at the scene of the collision, Collins took at least one (1) photograph of the scene of the Subject Collision, the vehicles involved, and/or the persons involved using a mobile cellular device.

**REQUEST NO. 28**     While at the scene of the collision, Collins took video recording(s) using a mobile cellular device of the scene of the Subject Collision, the vehicles involved, and/or the persons involved.

**REQUEST NO. 29**     While at the scene of the collision, Collins took audio recording(s) of the scene of the Subject Collision, the vehicles involved, and/or the persons involved using a mobile cellular device.

**REQUEST NO. 30**     No improper act of the Plaintiff caused or contributed to the cause of the Subject Collision.

**REQUEST NO. 31**     No failure to act by Plaintiff caused or contributed to the cause of Subject Collision.

**REQUEST NO. 32**     No improper act or failure to act on the part of any third party to this action caused or contributed to the cause of the Subject Collision.

**REQUEST NO. 33**     Collins's neglect acts and/or omissions were the sole cause of the Subject Collision.

**REQUEST NO. 34**     Collins's neglect acts and/or omissions were a contributing cause of the Subject Collision.

**REQUEST NO. 35**     No visual obstructions existed leading up to the Subject Collision that would have prevented Collins from seeing Plaintiff's vehicle in the five hundred (500) feet prior to the Subject Collision.

**REQUEST NO. 36**     No visual obstructions existed leading up to the Subject Collision that would have prevented Collins from seeing Plaintiff's vehicle in the seven hundred fifty (750) feet prior to the Subject Collision.

**REQUEST NO. 37**     No visual obstructions existed leading up to the Subject Collision that would have prevented Collins from seeing Plaintiff's vehicle in the one thousand (1000) feet prior to the Subject Collision.

Dated this 30th day of April, 2021.

WITHERITE LAW GROUP, LLC


*/s/ J. Martin Futrell*
J. MARTIN FUTRELL
GEORGIA STATE BAR NUMBER 450872
ATTORNEY FOR PLAINTIFF

600 WEST PEACHTREE STREET, NW, SUITE 740
ATLANTA, GA 30308
TELEPHONE:   470-881-8806
FACSIMILE:   470-880-5095
E-MAIL:    MARTIN.FUTRELL@WITHERITELAW.COM

STATE COURT OF
DEKALB COUNTY, GA.
4/30/2021 11:20 AM
E-FILED
BY: Monica Gay

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

KIMBERLY PINKSTON,

      Plaintiff,

v.

SWIFT TRANSPORTATION CO. OF
ARIZONA, LLC, and ANDREW
COLLINS,

      Defendants.

CIVIL ACTION
FILE NO.: 21A02131

## NOTICE OF FILING NOTICE OF REMOVAL

Notice is hereby given of the filing of a Notice of Removal of the above-styled civil action to the United States District Court, for the Northern District of Georgia, Atlanta Division. A copy of the Notice of Removal filed with the United States District Court, excluding pleadings previously filed in this matter, is attached hereto as Exhibit "1." Pursuant to 28 U.S.C. § 1446(d), all future proceedings in this Court are stayed.

Respectfully submitted, this 28th day of May, 2021.

MCMICKLE, KUREY & BRANCH, LLP

*/s/ Raymond J. Kurey*
RAYMOND J. KUREY
Georgia Bar No. 430472
For the Firm
*Attorneys for Defendants*

217 Roswell Street, Suite 200
Alpharetta, GA 30009
Telephone: (678) 824-7800
Facsimile: (678) 824-7801
Email: RJK@mkblawfirm.com

M0724117.1 14808

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this date, I electronically filed the foregoing **NOTICE OF FILING NOTICE OF REMOVAL** with the Clerk of Court using electronic efiling which will automatically send email notification of such filing to the following attorneys of record:

J. Martin Futrell, Esq.
Witherite Law Group, LLC
600 W. Peachtree Street, NW
Suite 740
Atlanta, GA 30308
***Attorney for Plaintiff***

This 28th day of May, 2021.

/s/ Raymond J. Kurey
For the Firm
Attorney for Defendants